IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| STEPHANIE BATES, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | No. 3:25-cv-00845-B (BT) |
| | § | |
| CALIBER HOLDINGS, LLC, | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Plaintiff Stephanie Bates seeks leave to proceed *in forma pauperis* in this *pro se* employment discrimination action. For the reasons stated, the Court should deny Bates's motion for leave to proceed *in forma pauperis* (ECF No. 4) and dismiss her case without prejudice unless she pays the $405.00 filing fee within thirty days of an order accepting this recommendation or by some other deadline established by the Court.

**Legal Standards and Analysis**

A federal district court may authorize a person to bring a civil action *in forma pauperis* (IFP)—that is, without the prepayment of fees—when the person submits an affidavit establishing they are unable to pay such fees or give security therefor. 28 U.S.C. § 1915(a)(1). The goal of this provision is to allow access to federal courts for plaintiffs who lack the financial resources to pay any part of the statutory filing costs. *Prows v. Kastner*, 842 F.2d 138, 140 (5th Cir. 1988). The Court must examine the financial condition of the applicant to determine whether

the payment of fees would "cause undue financial hardship." *Id.* "This entails a review of other demands on individual plaintiffs' financial resources, including whether the expenses are discretionary or mandatory." *Id.* The Court may require a plaintiff to complete a financial affidavit in support of a motion to proceed IFP. *Nottingham v. Warden, Bill Clements Unit*, 837 F.3d 438, 439-40 (5th Cir. 2016). Further, courts may also "look to where the litigant's reported income is in relation to applicable poverty guidelines." *Moates v. Biden*, 2022 WL 3566451, at *1 (W.D. Tex. June 29, 2022), *rec. accepted* 2022 WL 18110176 (W.D. Tex. Oct. 18, 2022).

In this case, Bates—who has two dependents—filed a financial affidavit in support of her request to proceed IFP stating that her average monthly income from employment, welfare, and child support during the past 12 months was $4,259.84, and her expected income next month is $3,381.84. Mot. at 1-2. She reports $1,546.23 in her checking account, and she owns a vehicle worth $3,500. *Id.* at 2-3. She claims $3,173.00 in expenses, which includes $385.00 per month in credit card payments and $65.00 per month for installment payments at department stores such as Ulta. *Id.* at 4. She claims that she is currently on "short term disability," and is waiting for the approval of a short-term disability extension so that her disability payments can continue. Mot. at 5. She does not state that such payments will cease.

Based on this information, Bates has failed to show that payment of the $405 filing fee would cause her undue financial hardship. Even if Bates's income going forward is only $3,381.84, and not the $4,259.84 average from the preceding

twelve months, her yearly income is $40,582.08, which is well above the $26,650 federal poverty threshold for a household of three in Texas. *See* http://aspe.hhs.gov/topics/poverty-economic-mobility/poverty-guidelines (last visited April 8, 2025). Additionally, Bates has over $1,500 in her checking account—more than enough to cover the costs of the filing fee.

## Recommendation

The Court should **DENY** Bates's motion for leave to proceed *in forma pauperis* (ECF No. 4) and dismiss her case without prejudice unless she pays the $405.00 filing fee within thirty days of an order accepting this recommendation or by some other deadline established by the Court.

Signed April 8, 2025.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).